UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MOHAMMED SAUD KHAN,

    Plaintiff,

v.                                       Case No. 6:23-cv-702-RBD-LHP

DIRECTOR, UNITED STATES
CITIZENSHIP AND
IMMIGRATION SERVICES, WEST
PALM BEACH FIELD OFFICE,

    Defendant.
_____

## ORDER

On *sua sponte* review, Plaintiff's Complaint (Doc. 1) is due to be dismissed as a shotgun pleading.

"The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). So courts are faced with the onerous task of "sift[ing] out the irrelevancies" to determine which facts are relevant to each claim. *See id.* Shotgun pleadings are "altogether unacceptable," and plaintiffs must replead.

*Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997).

Here, Counts II–III of the Complaint incorporate all the foregoing allegations, including those of the previous counts. (Doc. 1, ¶¶ 18, 22.) So the Complaint is an impermissible shotgun pleading and must be dismissed. Plaintiff's amended complaint should clearly delineate which factual allegations are relevant to each claim.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. By **Friday, May 5, 2023**, Plaintiff may file an amended complaint correcting the deficiencies identified in this Order. Failure to timely file will result in this action being closed without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 20, 2023.



ROY B. DALTON JR.
United States District Judge